953 F.2d 637
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John ALPAR, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF the INTERIOR; National Park Service,
Defendants-Appellees.
 No. 91-1663.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1991.
Decided Jan. 17, 1992.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh, No. CA-87-24-4-CIV, Terrence W. Boyle, District Judge.
 John Alpar, appellant pro se.
 Rudolph A. Renfer, Jr., Office of the United States Attorney, Raleigh, N.C., for appellees.
 E.D.N.C. [APPEAL AFTER REMAND FROM 811 F.2D 1122].
 AFFIRMED.
 Before DONALD RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John Alpar appeals from the district court's adoption of a settlement agreement resolving all of Alpar's employment discrimination claims under Title VII, 42 U.S.C. § 2000e (1988), including a claim asserting breach by the National Park Service (NPS) of a 1980 predetermination settlement agreement. Finding no abuse of discretion, we affirm.
 
 I.
 
 2
 Alpar, a native of Hungary, became a naturalized United States citizen in 1956. In 1970, he was given job certification by the Civil Service Commission for the position of NPS Technician (hereinafter "Park Technician"). He applied for such a position in 1975, and although he was one of three top candidates, he was not selected by the NPS during 1975 or 1976. His name did not appear on the certification lists for the years 1977 and 1978 due to an error by the Office of Personnel Management (OPM).
 
 
 3
 Alpar filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging discrimination in connection with the NPS's failure to hire him. The EEOC found no discrimination, but discovered OPM's failure to include Alpar's name on certification lists for 1977 and 1978. In light of OPM's mistake, the NPS offered to settle Alpar's complaint prior to an administrative appeals hearing. The parties executed an agreement whereby Alpar agreed to withdraw his discrimination complaint and waive his right to an appeals hearing in exchange for temporary employment with the NPS and priority consideration for permanent Park Technician positions for which he was qualified, as such positions became available.
 
 
 4
 At the time of the agreement, two types of Park Technician assignments were available: the "Park Technician-Interpreter" position, which required no special skills, and the "Park Technician-Resource Management/Visitor Protection (RM/VP)" position, which required a law enforcement commission. The NPS placed Alpar in a Park Technician RM/VP position temporarily and sent him to the Federal Law Enforcement Training Center (FLETC) for the training needed to acquire a law enforcement commission. Alpar failed satisfactorily to complete the training course. His temporary assignment was terminated as a result. A Park Technician-Interpreter position became available several weeks later, but the NPS did not consider Alpar for the position, nor was he considered for any subsequent Park Technician-Interpreter positions.
 
 
 5
 Alpar filed a civil rights action in federal court in 1987 after receiving a notice of final disposition from the EEOC, alleging discrimination in employment on the basis of age and national origin as well as reprisal. The court dismissed the complaint as untimely. We affirmed the district court's order of dismissal as to the age discrimination claim, but reversed the dismissal of the Title VII discrimination claims because the EEOC failed to inform Alpar of the right to sue. Alpar v. Dep't of Interior, No. 87-2139 (4th Cir. Feb. 25, 1988) (unpublished).
 
 
 6
 Counsel was appointed for Alpar upon remand, and an amended complaint was filed which alleged a breach of the 1980 settlement agreement and discriminatory failure to hire from 1972 to 1980. After extensive discovery and a bench trial, the district court dismissed the discrimination claims for Alpar's failure to establish a prima facie case, but ruled, after further briefing, that the undisputed facts conclusively established that the NPS had failed to comply with the terms of the 1980 agreement, inasmuch as Alpar should have been given priority consideration for a Park Technician-Interpreter position which became available in November/December 1980.
 
 
 7
 At the conclusion of a settlement conference before a magistrate judge, the parties agreed that the government would pay Alpar and his attorney $60,000 in full settlement of all of Alpar's claims arising from this action, including attorney fees. The magistrate judge entered an order reflecting this agreement which the district court then adopted. Alpar now appeals.
 
 II.
 
 8
 Alpar attempts on appeal to reargue certain allegations of discrimination contained in his amended complaint. The settlement agreement disposed of all claims connected with this action. Alpar is thus prevented from further pursuing his substantive claims, absent a showing that the district court's adoption of that agreement constituted an abuse of discretion. See Flinn v. FMC Corp., 528 F.2d 1169, 1172 (4th Cir.1975), cert. denied, 424 U.S. 967 (1976).
 
 
 9
 On this record, we conclude there was no abuse of discretion. We note that Alpar has not alleged fraud or duress; he was represented by counsel when he consented to the settlement; he was awarded $60,000 as compensation for his claims; and he has accepted the monetary benefits of the settlement agreement. Under these circumstances, we readily find that the district court properly accepted the settlement agreement. See Flinn, 528 F.2d at 1172.
 
 
 10
 The settlement agreement clearly and unambiguously resolved all of Alpar's discrimination claims arising from this action. We therefore affirm the district court's decision. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 AFFIRMED.